ORDER ON REHEARING
PER CURIAM:
Appellant’s petition for rehearing correctly notes that there is no finding that “Gibraltar made out a case that Brinkman and LDBrinkman Corp. looted and drained the assets of the Brinkcraft subsidiaries,” as erroneously stated in the majority opinion, supra, at 1286. That sentence is amended to read, “The plaintiff cannot switch from one veil-piercing theory to another.”
The petition for rehearing also properly observes that Herb Bradshaw was not hired until January 1985, after the September 1984 loan had been made. Accordingly, the second sentence of Part III of the maj. op. supra at 1279, is amended to read, “Herb Bradshaw, senior vice president of LD Brinkman Corp., was hired some months before the default on the Gibraltar loan and was one of the prime movers in divesting the holding company of the Brinkcraft subsidiaries (see infra note 47); Gibraltar, indeed, offered proof that he was brought into the company with the thought that he would sell off or otherwise pare back the holding company’s marginal operating subsidiaries.”
These factual corrections do not affect the result. See, e.g., Mulder v. Commissioner, 861 F.2d 1333 (5th Cir.1988) (per curiam) (on petition for rehearing). The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service having requested that the court be polled on rehearing en banc (Fed. R.App.P. 35 and Loc.R. 35), the suggestion for rehearing en banc is DENIED.